# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6928 | **DATE** | 2/8/2001 |
| **CASE TITLE** | Martin vs. Chicago School Reform Board et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the Defendant's Motion for Summary Judgment [# 31] is GRANTED IN PART and DENIED IN PART AS MOOT.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 1 2 2001 | |
| X | Notified counsel by telephone. | date docketed | 37 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | mw docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mrl | courtroom deputy's initials | FEB -9 PM 4:21 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRMA MARTIN                               )
                                          )
            Plaintiff,                    )
                                          )
       v.                                 )   No. 99 C 6928
                                          )
CHICAGO SCHOOL REFORM BOARD               )   HONORABLE DAVID H. COAR
and FAYE TERRELL-PERKINS,                 )
                                          )
            Defendants                    )

DOCKETED
FEB 1 2 2001

## MEMORANDUM OPINION AND ORDER

Irma Martin is the co-assistant principal at Tilton Elementary School. She sued the Chicago School Reform Board and the principal of Tilton, Faye Terrell-Perkins, for: (1) discriminating against her based on her religion – Jehovah's Witness – (2) violating her First Amendment right to religious freedom; and (3) breaching her employment contract. The Board moved for summary judgment on the first and third of Martin's theories. Since the Board filed that motion, Martin has voluntarily dismissed the third count of her complaint. For the reasons stated below, this Court GRANTS the Board's motion for summary judgment with respect to her first claim, based on religious discrimination.

### Introduction

Irma Martin began working as an assistant principal at Tilton Elementary School in September 1994. Prior to being an assistant principal, she taught kindergarten, first, and second grade children at Spencer Elementary School. In September 1994, Martin was the only assistant principal assigned to Tilton, where Debora Banks was then the principal. The Board hired Faye Terrell-Perkins to replace Banks as Tilton's principal in January 1996. Except for a brief – and, for purposes of this case, irrelevant – interruption, Perkins has served in that capacity at Tilton since

then. In March 1996, Tilton received additional funding to hire another assistant principal. Perkins hired Adrian Willis.

The Board does not normally hire two assistant principals at its elementary schools. It only funds one assistant principal position. If an individual school's local school council wants to hire a second assistant principal, it can direct discretionary funds toward that purpose. The assistant principal position funded by the Board is referred to as a "210" position and the assistant principal position funded by the local school council is referred to as a "234" position.[1] The salary paid to an assistant principal does not depend on the numerical classification. Another contract term, however, does vary between the two. The duration of a 210 assistant principal's contract is tied to the principal's contract term, which is four years. By contrast, the 234 assistant principal's contract is renewed on a year-to-year basis at the local school council's discretion. Martin was the 210 assistant principal when Willis was hired as the 234 assistant principal.

During the 1995-95 school year – while Banks was still the principal at Tilton – Martin's job duties included observing classrooms, evaluating certain employees, assigning lunchroom duty to teaching assistants, delegating assignments to career service personnel, distributing and budgeting for textbooks. Martin also attended certain meetings in Banks' absence. After Perkins became the new Principal, but before Willis was hired as a co-assistant principal, Martin's 1995-96 school year duties included observing and evaluating employees, disciplining students, co-ordinating student assemblies, teaching classroom assignments, heading the textbook committee, and working with teachers to help improve teaching skills. After Willis became a co-assistant principal, Perkins reassigned Martin's student-discipline and student-assembly duties to Willis. Martin's job

---

[1] The parties have not explained the basis for the numbering system and this Court has no reason to believe that it has any significance to this case other than differentiating the funding underlying the two positions.

-2-

assignments were consistent with her position as assistant principal for instructional support. Willis' assignments were consistent with his position as assistant principal for student affairs. In September 1997, Perkins learned that Martin is a member of the Jehovah's Witness religion. According to Martin, her job duties and her title were changed after Perkins learned of Martin's religious affiliation.

Martin's job duties for the 1998-99 school year included assisting staff development, supervising substitute teaching, observing classrooms, monitoring and providing feedback on lesson planning, conducting parent tutor training, producing a weekly newsletter, distributing, budgeting, and chairing the committee for textbooks, and maintaining bulletin boards.[2] For the 1999-2000 school year, Martin's duties included staff development, substitute teacher assignment, classroom observation, tutor training, bulletin board maintenance, preparation of the school's weekly newsletter, chairing the Read, Write Well program, and acting as liaison for the COMER[3] program. In addition to these duties and consistent with the job description of assistant principal, Martin taught kindergarten.

In July 1998, Perkins changed Martin's job classification from the 210 assistant principal to the 234 assistant principal. The funding change became effective in January 1999. Shortly after this change, the Board instituted a policy that any change from 210 assistant principal to 234 assistant principal required the assistant principal's consent. On September 20, 1999, Martin complained in a memo to the "Department of Employee Relations" that she had been switched from a 210 to a 234 assistant principal without her consent. That same day, Carlos Ponce, the Chief Human Resources

---

[2] It is undisputed that one of Martin's listed duties was "SAS in-school facilitator." Other than this description the parties have given this Court no indication what this entailed.

[3] As with the SAS duty, neither party has given the Court any indication what Martin did as liaison to the COMER program.

Officer for the Chicago Public Schools issued a memorandum to Ziomara Metcalf, who was director of the Bureau of Recruiting and Staffing. The memo directed Metcalf to change Martin back to the 210 assistant principal. Between January and September 1999, Martin's salary remained the same.

## Analysis

Count I of Martin's complaint relies on the theory that the Board, through Perkins's acts, discriminated against her because of her religion. Title VII prohibits religious discrimination in employment. To succeed on a religious discrimination claim, a plaintiff must show that (1) she suffered an adverse employment action; (2) she performed her job satisfactorily; and (3) the defendant took the adverse action because of some religious animus. Sattar v. Motorola, Inc., 138 F.3d 1164, 1169-70 (7th Cir. 1998) (citing Shapolia v. Los Alamos Nat'l Laboratory, 992 F.2d 1033, 1038 (10th Cir. 1993)).[4] The Board's motion for summary judgment argues only that it is entitled to judgment as a matter of law because Martin cannot show that she suffered and adverse employment action.

An adverse employment action is something that results in a "material adverse change in the terms and conditions of employment." Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993). "A material adverse change might be indicated by a termination of employment, a demotion evidence by a decreased by in wage or salary, a less distinguishable title, a material loss of benefits, significantly diminished responsibilities, or other indices that might be unique to a

---

[4] The parties both have advanced this formulation, which the Seventh Circuit approved in Sattar as an alternative to the burden-shifting method developed in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).

Martin points to certain disparaging comments about her religion, presumably to show direct evidence of discrimination. The person making these bigoted comments, however, was not a decision maker with respect to Martin's job duties, title, or tenure. Thus, these comments cannot support her case as direct evidence of discrimination.

particular situation." Fortier v. Ameritech Mobile Comm., Inc., 161 F.3d 1106, 1112 n.7 (7th Cir. 1998). While the Seventh Circuit defines adverse action broadly, "[n]ot everything that makes an employee unhappy is actionable." Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). Nor does the "mere inconvenience or alteration of job responsibilities constitute a materially adverse change in the terms and conditions of employment." Fortier, 161 F.3d at 1112. n.7. The adversity of an employment action is judged by and objective standard. See Cullom v. Brown, 209 F.3d 1035, 1041 (7th Cir. 1999).

In this case, Martin says that four changes in her job were adverse actions. First, she says that her job title was changed to a less-distinguished title. Second, she says that her job duties were adversely changed. Third, Martin says that the terms of her employment contract changed materially when Perkins temporarily switched her from the 210 assistant principal to the 234 assistant principal. Finally, Martin says that Perkins evaluated her harshly after learning about Martin's religious affiliation. The Court addresses each of these contentions in turn.

First, with respect to Martin's change in job title, she has not suffered a material adverse employment action. Although *dicta* in the Fortier case suggests that a change in title could be sufficient to constitute an adverse employment action under Title VII, see 161 F.3d 1106, 1112 n.7, Martin has cited us no case where any court has held that a change of a job title was sufficiently adverse. Without foreclosing the possibility that in some other case such a change could be materially adverse, this Court concludes that this is not that case. Martin's job description was changed from "assistant principal" to "assistant principal for instructional support." Martin has not provided an evidentiary basis for her position and this Court concludes that this is not a material adverse change. Cf. Spring v. Sheboygan Area Sch. Dist., 865 F.2d 883, 885-86 (7th Cir. 1989)

(change from a principalship to dual principalship was not a materially adverse change, even with other changes in duties).

Second, Martin's change in duties when Tilton hired two assistant principals was not materially adverse. Martin admits that the duties she performed after Tilton switched from one to two assistant principals – including her kindergarten teaching assignment – although different, were still within her job description as an assistant principal.[5] Although Martin complains that her new duties were harder and that the delegation of work between her and Willis was unfair to her, she does not point to any specifics regarding the relative difficulty of her job as compared to Willis's job. In fact, much of Martin's gripe is that, after Willis was hired, she liked the duties that she performed less than Willis liked the duties he performed. For example, Martin distinguishes between her "assignment" to teach kindergarten and Willis's "choice" to teach a different grade level. Martin personally might view this as adverse, but the test for material adversity is objective. Cullom, 209 F.3d 1041. While Martin was not required to teach when she began as an assistant principal, the record undisputedly reflects that by the time that Willis became an assistant principal, both Martin and Willis were teaching. And Willis taught in addition to performing administrative duties, unlike Martin, who was relieved of certain administrative duties. The Court cannot say that there has been a material adverse employment change in Martin's employment.

---

[5] Martin complains that she was stripped of her assembly duties but cites no record support for the significance of this change. Further, the only record reference that this Court has found (Martin Dep. at 26-7) shows that Martin's assembly duties were shifted to Willis in the 1996-97 school year, before Perkins knew of her religious affiliation. This is therefore, irrelevant to the adverse action inquiry.

In a similar vein, Martin says that she was "assigned more difficult work and deluged not only with administrative duties but teaching duties as well." Martin Resp. at 12. Again, this assertion is unsupported by any citation to the record and is therefore insufficient to defeat the Board's motion.

Third, Martin says that being switched from a 210 assistant principal to a 234 assistant principal constituted an adverse employment action. Although a change in the duration of an employee's contract might qualify as an adverse employment action in different circumstances, it does not here. As noted previously, Martin complained about this switch fully thirteen months (one complete school year) after Perkins instituted the change. Additionally, on the very same day that she complained about the switch, the Chief Human Resources Officer for the Chicago Public Schools issued a memorandum to Ziomara Metcalf, who was director of the Bureau of Recruiting and Staffing. The memo directed Metcalf to change Martin back to the 210 assistant principal. There is no indication in the record that Martin was not immediately reinstated to her 210 assistant principal position. Further, between January and September 1999, Martin's salary and benefits remained the same. While she was a 234 assistant principal, it does not appear that she was ever in jeopardy of not having her contract renewed. Indeed, the record is silent with respect to the timing of the decision to renew the 234 assistant principal position. This temporary and largely cosmetic change was not objectively materially adverse.

Finally, Martin says that Perkins evaluated her harshly after learning about Martin's religious affiliation. Negative employment evaluations alone, however, do not amount to adverse employment action. See Smart, 89 F.3d at 442; see also Glasser Levitt, No 98 C 210, 1998 WL 684207 at *4 (N.D Ill. Sept. 23, 1998). Because she has not shown any other material adverse employment action, this cannot be the sole basis for her suit.

## CONCLUSION

For the foregoing reasons, this Court GRANTS the Board's motion for summary judgment on Martin's claim for recovery under Title VII for religious discrimination and DENIES AS MOOT, the Board's motion with respect to Martin's common law breach of contract claim.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: FEB - 8 2001